UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDRAM FASTENERS LIMITED,      Case No. 2:08-cv-13103-RHC-DAS
a foreign corporation,

                                                     Honorable Robert H. Cleland

        Plaintiff,

v

FLEXITECH, INC.,
a Delaware corporation,

        Defendant.

| | |
|---|---|
| John W. Bryant (P-11331) | Patrick F. Hickey (P-36648) |
| DEAN & FULKERSON | Kerry K. Cahill (P-67671) |
| 801 W. Big Beaver Road, Suite 500 | DYKEMA GOSSETT PLLC |
| Troy, MI 48084-4767 | 400 Renaissance Center |
| (248) 362-1300 | Detroit, MI 48243 |
| Attorneys for Plaintiff | (313) 568-6800 |
| | Attorneys for Defendant |

**STIPULATED PROTECTIVE ORDER**

                 At a session of said Court held in the
                 City of Detroit, Wayne County, Michigan
                 on _____

       Present:     Hon. _____ _____
                                 U.S. District Court Judge

       The parties, by their respective attorneys, having agreed and stipulated to this Protective Order:

       **IT IS HEREBY ORDERED** that the following procedures shall govern, with respect to each party and subpoenaed third (3rd) parties and all documents, testimony, or other information given or produced by them in the course of this action by answer to interrogatory or deposition

1

testimony, production of documents, response to request to admit or in court proceedings (including documents produced by expert witnesses of the parties pursuant to discovery or disclosure as required by FRCP 26) deemed by them to be documents or information that contain information which is a trade secret, confidential, proprietary or commercially sensitive, shall be as set forth herein:

1. **Designation of Confidential:**

Any party may in good faith designate as Confidential any document, deposition testimony, or other information given or produced by them or by subpoenaed third (3rd) parties in the course of pre-trial discovery or in court proceedings. Information with such a designation may include, without limitation, any non-public document or information.

2. **How To Make A Confidential Designation:**

A designation of confidentiality shall be made, with respect to documents or other information produced in the form of electronic media, by identifying such documents or portions of the produced media in such as manner as shall allow the specific identification of the documents or media to be protected, and, with respect to a deposition or other oral testimony in or related to this action, by so stating on the record or by written communication to all counsel. Material or information so designated pursuant to paragraphs 1 and 2 herein is hereinafter referred to as "confidential".

3. **Non-Disclosure of Confidential Materials:**

Confidential materials or information shall not be shown or disclosed, in whole or in part, directly or indirectly, or in any other manner, to any persons other than:

    a.    counsel retained by any party this action and the clerical, paralegal and secretarial staff employed by said counsel;

      b.      the court, persons employed by the court, and stenographers transcribing testimony or oral argument at any hearing, trial or deposition in this action;

      c.      the parties (or in the case of corporations or business entities those persons within the business who have a need to know) to this action and their expert witnesses.

      d.      the generator or recipient of the confidential material.

Nothing herein shall be construed to in any way limit any party's use or designation of its own designated material or information nor, during any deposition, to prevent any party from showing designated documents to a witness who is currently employed, or was formerly employed, by the party that produced the designated document.

**4.** **Use of Confidential Materials:**

Confidential designated materials may be used solely for the purpose of preparing for and conducting the litigation in this matter. The persons identified in paragraphs 3a and 3c above are expressly prohibited from using confidential designated materials or information contained in those materials for any other purpose, including but not limited to the conducting of business operations other than those directly affected by this litigation and developing business strategies with regard to non-party entities named in such materials. In the event that before, during or after the trial of this action, counsel determines to file with or submit to the court any confidential designated material, or any papers or electronic media containing or referring to such confidential designated material or information, such documents, media or portions thereof containing reference to such confidential designated material or information shall be filed with

3

or submitted to the court in sealed envelopes on which shall be endorsed the caption and other appropriate identification of this action, and a statement in substantially the following form:

**CONFIDENTIAL**

**This envelope contains documents that are the subject of a Protective Order governing the use of discovery materials. This envelope may not be opened, or the contents hereof displayed or revealed, except by Order of the Court.**

The first page of each such filing, to the extent it does not already bear a notation indicating its named character, shall be inscribed with the phrase: "Confidential - Subject to Court Order"  To the extent reasonably possible, only those documents, or portions of documents, that are so labeled shall be filed under seal as set forth herein.

5. **Return of Confidential Materials Upon Termination of Action:**

Within sixty (60) days after termination of this action, counsel in receipt of designated confidential material ("receiving counsel") shall certify in writing to the counsel that designated material as confidential ("designating counsel") that receiving counsel, and anyone to whom receiving counsel has provided copies or portions of said material, has destroyed or returned said material, including all copies and excerpts thereof.  "Termination", as used herein, shall mean the final determination of this action with respect to all parties, including actual or potential appeals under applicable law. Nothing in this paragraph shall require the destruction of pleadings or of research, memoranda or other such materials prepared in connection with the prosecution or defenses of this action.

6. **Nondisclosure Applies to All Persons Receiving Confidential Information:**

All persons who have received designated confidential information shall continue to be bound to the extent provided by this order not to disclose such designated material or

4

information, unless, at a time following the termination of this action, such material or information shall have become public material or information by virtue of its public dissemination by, or with the written authorization of the party that provided such material or information.

### 7. Objection As To Confidential Information:

If any party to this litigation believes that a designation of any documents or information as confidential by another part or witness is unwarranted or inappropriate, it may so inform producing counsel in writing, with notice to all counsel of record.  Upon receiving such written objection, the designating counsel shall have five (5) days within which to respond by filing a motion for determination of confidentiality with this court.  Once designated, all documents or information shall continue to be deemed confidential until (a) the designating party agrees to remove the designation, (b) the designating party fails to file a timely motion for determination of confidentiality or (c) the final resolution of any motion seeking to determine the designation of the information or material as confidential.  The burden of establishing the appropriateness of a confidentiality designation shall at all times remain with the designating party.

### 8. No Party Has An Obligation To Challenge Confidentiality Designation:

No party shall be obligated to challenge the propriety of the designation of any material, and failure to do so shall not preclude any subsequent objection to such designation or motion to seek permission to disclose such designated material or the information contained therein to persons not referred to in this Order, and shall not preclude a party from otherwise seeking to modify the provisions of this Order.

### 9. Inadvertent Disclosure:

In the event that a party inadvertently fails to designate material as such, the material may thereafter be designated by notifying all other parties in writing within five (5) days after discovery of the inadvertent disclosure and by providing a properly marked document to replace the document initially produced. All reasonable steps should be taken to recover any unmarked documents disclosed to third parties to ensure compliance with this Order to the fullest extent possible with respect to such documents.

**10.     Designation of "Confidential" Shall Be Without Prejudice:**

Nothing herein shall be construed to otherwise limit the rights of any party, with regard to discovery or otherwise, pursuant to applicable law including, but not limited to, the right to assert all applicable privileges, objections and reservations, and to seek any and all relief to which such party may be entitled, with respect to any discovery request propounded in connection with this action.

U.S. DISTRICT COURT JUDGE

Dated:  5/1/2009                                                S/Robert H. Cleland

Stipulated for Entry:

DEAN & FULKERSON                                DYKEMA GOSSETT PLLC


By:     S/ John W. Bryant                          By:     S/ Patrick F. Hickey w/ permission
        John W. Bryant (P-11331)                         Patrick F. Hickey (P-36648)
        801 W. Big Beaver Road, Suite 500                Kerry K. Cahill (P-67671)
        Troy, MI 48084-4767                              400 Renaissance Center
        (248) 362-1300                                   Detroit, MI 48243
        Attorney for Plaintiff                           (313) 568-6800
                                                         Attorneys for Defendant

6