UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUNDRAM FASTENERS LIMITED,

    Plaintiff,

v.                                                   Case Number: 08-CV-13103

FLEXITECH, INC.,

    Defendant.
                                                           /

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO PRECLUDE EXPERT TESTIMONY**

Pending before the court is Defendant Flexitech, Inc.'s "Motion to Preclude Expert Testimony." The matter is fully briefed and the court concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the motion. Defendant may, however, argue the weight of the expert testimony at trial.

In its motion, Defendant seeks to preclude the testimony of Plaintiff's proposed expert, Patrick O'Keefe. Specifically, Defendant requests that the court enter an order "(1) striking and precluding any testimony of O'Keefe regarding automotive industry standards, and (2) precluding O'Keefe's testimony regarding the meaning and interpretation of the Uniform Commercial Code, including Section 2-309." (Def.'s Reply at 5.)

Federal Rule of Evidence 702 provides that:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or

>education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* the Supreme Court held that, when faced with a proffer of expert scientific testimony, the trial judge is assigned "the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  509 U.S. 579, 597 (1993).

Based upon this standard and upon review of the exhibits presented by the parties regarding Mr. O'Keefe's experience and qualifications, the court will not preclude the expert testimony of Mr. O'Keefe regarding automotive industry standards.  This decision, however, does not prejudice Defendant's ability to argue at trial the appropriate weight the court should give to Mr. O'Keefe's testimony.  *See Daubert*, 509 U.S. at 591 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky, but admissible evidence.").

Regarding Defendant's second argument, Plaintiff does not contest that Mr. O'Keefe should not testify about the meaning and interpretation of the UCC.  (Pl.'s Resp. at 8 ("The parties are in agreement that Mr. O'Keefe should not, and will not testify on the legal interpretation of the Uniform Commercial Code.").)  Inasmuch as the parties are in agreement, Mr. O'Keefe shall not testify at trial regarding the legal interpretation of the UCC.

IT IS ORDERED that Defendant's "Motion to Preclude Expert Testimony" [Dkt. # 17] is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:   September 18, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 18, 2009, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522